den cast upon him. If he had reasons to doubt the genuineness of the telegram, he could have questioned defendant, or produced the original telegram from the company's office; but he apparently was content with merely denying that he sent it, and left the question of veracity to the trial judge, who erred in accepting plaintiff's bare denial as an impeachment of the defendant's testimony. I think the judgment of the court below was clearly against the weight of evidence, and that it should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

———————

VAUGHN v. UNITED STATES TITLE GUARANTY & INDEMNITY CO.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

INSURANCE (§ 259*)—TITLE INSURANCE—ACTION ON POLICY—VALIDITY OF DEED —REPRESENTATIONS AND MISSTATEMENTS.

    In an action on a policy of title insurance, where plaintiff knew that there was at least doubt of the validity of his deed, the concealment of facts within his knowledge tending to show that the deed was not genuine was as fraudulent as affirmative misstatements, and his conduct was equivalent to a representation that so far as he knew his deed was genuine; hence it was error to direct a verdict for plaintiff.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 552; Dec. Dig. § 259.*]

Action by William T. Vaughn against the United States Title Guaranty & Indemnity Company. Heard upon motion for new trial upon exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions sustained, and motion for new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Ford W. Buermeyer, for the motion.
Charles H. Ayres, opposed.

MILLER, J. This action is brought on a policy of title insurance. In the early part of the year 1905 the plaintiff employed an attorney, one Vermilye, to get a deed for him of the real property in question, which was situated on the outskirts of the village of Sag Harbor, had not been assessed for some time, and was considered of little or no value. The plaintiff knew that the record owner, Maria Hanley, had left Sag Harbor many years before, and that her whereabouts were unknown. Some time thereafter said attorney delivered to the plaintiff an instrument, purporting to be a deed, executed and acknowledged by Maria Hanley, on the 27th day of March, 1905, and the plaintiff paid said attorney $300. A few weeks thereafter the policy in question was applied for by said attorney on behalf of the plaintiff, and was, on the 15th day of November, 1905, issued, insuring the plaintiff's title for the sum of $2,200. The plaintiff testified that he was led to make the application for the insurance because he had heard that there was a question about his title; that the president of the village

said to him one day, "I don't think much of your title." On the 26th day of April, 1906, the board of education of the school district of Sag Harbor instituted proceedings to condemn said real property for a school site, and that proceeding resulted in a judgment adjudging that the plaintiff, the said board of education, was entitled to take and hold said property upon making compensation therefor, and that the deed of the plaintiff in this action, purporting to have been executed by Maria Hanley, vested no title in him. The value of the property was determined to be $2,050. The defendant asked to go to the jury on the question whether the plaintiff, upon procuring the policy, fraudulently concealed from the defendant facts within his knowledge tending to show that he did·not have a good title. This motion was denied, and a verdict directed for the plaintiff.

The inference is almost irresistible that, when the plaintiff applied for the insurance, he had knowledge of all the facts upon which it was adjudicated in the condemnation proceedings that he did not have title. He asks to recover in this action upon the ground·that a deed, procured by his agent, was a forgery. It is not difficult to infer that said deed was procured in anticipation of the condemnation proceedings, and it is certain that the contract of insurance in suit was obtained because the plaintiff knew that there was at least doubt of the validity of his deed. The defendant, upon issuing the title insurance, naturally assumed that the plaintiff's deed was genuine, and the concealment of facts within the plaintiff's knowledge, tending to show that it was not, was as fraudulent as affirmative misstatements. The plaintiff's conduct was equivalent to a representation that, so far as he knew, the deed presented by him was genuine.

Even though the plaintiff was entitled to go to the jury, which it is unnecessary now to decide, it was manifestly error to direct a verdict, and the exceptions must be sustained, and the motion for a new trial granted, with costs to the defendant to abide the event. All concur.