■ SCHULTZ MANAGEMENT, Appellant, v TITLE GUARANTEE COMPANY/TICOR TITLE INSURANCE COMPANY, Respondent.—

In this action appellant seeks recovery under a title insurance policy guaranteeing its mortgage on certain property allegedly owned by Victor Ballestas and located in Old Westbury, New York. Appellant mortgagor closed on the mortgage two days before an order by the United States District Court (SDNY) was filed, stating that a third party, Eduardo Orozco, convicted of drug conspiracy and money laundering, had a substantial equitable interest in the property. Orozco was residing on the property, his name appeared on two mechanic's liens, and he was present and answered questions relevant to the property at the closing.

Thereafter, in a Federal action in which appellant was a party, appellant's mortgage was set aside in favor of the United States Government. *(United States v Orozco-Prada,* 636 F Supp 1537 [SD NY 1986, Goettel, J.].) The District Court found that appellant had at least constructive notice of the fraudulent transfer, was not a bona fide purchaser for value

and set aside the mortgage pursuant to New York Debtor and Creditor Law § 278. The Court of Appeals for the Second Circuit affirmed. (847 F2d 836.)

The property was sold at auction, and this action followed. The title insurance policy expressly excepts from coverage "rights of creditors under the Debtor and Creditor Law." Moreover, the policy provides that the suppression of a material fact (here notice of the fraudulent transfer) voids the contract. *(Vaughan v United States Tit. Guar. & Indem. Co.,* 137 App Div 623 [1st Dept 1910].)* Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.